**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| **v.** | : | **CRIMINAL NO. 26-475** |
| **JAMIL AHMAD** | : | |

**GOVERNMENT'S CHANGE OF PLEA MEMORANDUM**

The United States of America, by its attorneys, David Metcalf, United States Attorney for the Eastern District of Pennsylvania, and Robert J. Livermore, Assistant United States Attorney, for the district, hereby submits this Change of Plea Memorandum to aid the Court in advance of the October 14, 2026, change of plea hearing.

## I. INTRODUCTION

The single-count information in this case alleges that defendant Jamil Ahmad illegally voted in the 2024 federal general election on November 5, 2024. With the advice of his attorney, Jamil Ahmad has agreed to waive indictment and plead guilty via a written plea agreement to a violation of Title 18, United States Code, Section 611, which is a misdemeanor offense. The plea agreement is attached as Exhibit A. In addition, both parties consent to proceed before U.S. Magistrate Judge Craig M. Straw.

## II. FACTUAL BASIS FOR THE PLEA

The facts of this case are quite simple. According to voting records, on July 22, 2024, Jamil Ahmad registered to vote in Philadelphia County. He used his own name, address, phone number, and other personal identifying information. On November 5, 2024, Ahmad voted in the general election by mail in ballot. At that time, Ahmad was a legal permanent resident and not a U.S. citizen. Ahmad subsequently became a naturalized U.S. citizen in June 2025.

In March 2026, Ahmad was interviewed by FBI investigators and provided some context to his actions. Ahmad admitted that he registered to vote and voted in the 2024 election, before he became a U.S. citizen. Ahmad stated that he received his final approval from USCIS to become a U.S. citizen in October 2024. Therefore, he thought it was legal for him to vote in the November 2024 election. Ahmad understood that he did officially naturalize and become a U.S. citizen until June 2025.

## III. ELEMENTS OF THE OFFENSE

### A. Count One 18 U.S.C. § 611 – Voting by an Alien

Under both federal and state law, only U.S. citizens are allowed to vote in Pennsylvania. *See* 18 U.S.C. § 611; Pennsylvania Constitution, Article VII, Section 1. Lawful residents, such as the defendant, are not permitted to vote. In fact, it is a criminal offense for non-citizens to vote. *See* 18 U.S.C. § 611.

In order to convict a person of the offense of voting by an alien, in violation 18 U.S.C. § 611, the government must prove the following elements beyond a reasonable doubt:

(1) That there was an election held solely or in part for the purpose of electing a candidate for the office of President, Vice President, or Presidential elector;

(2) That the defendant voted in the election; and

(3) That the defendant is an alien (not a U.S. citizen).

18 U.S.C. § 611(a). This is a general intent offense (and a misdemeanor). Under the law, the defendant must know that he is not a citizen, and he must know that the act he performed was an act of voting. He need not know that voting by a non-citizen (or someone whose citizenship is pending) is illegal. *See Kimani v. Holder*, 695 F.3d 666, 669 (7th Cir. 2012); *United States v.*

*Knight*, 490 F.3d 1268 (11th Cir. 2007). Here, Jamil Ahmad understood that he did not become a U.S. citizen until 2025. By voting in 2024 when he remained a legal permanent resident, he violated 18 U.S.C. § 611.

**IV. STATUTORY MAXIMUM SENTENCE**

The defendant understands, agrees, and has had explained to him by counsel that the following statutory maximum sentence applies in this case: one year of imprisonment, one year of supervised release, a $100,000 fine, and a $25 special assessment.

The defendant, who was not a citizen of the United States at the time of the offense, understands that his guilty plea in this case may result in him being subject to immigration proceedings, and may result in him being removed from and possibly prevented from ever returning to the United States. The defendant has discussed with his attorney the immigration consequences of his guilty plea. The defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences of his plea.

## V. CONCLUSION

With the advice and consent of his attorney, defendant Jamil Ahmad has negotiated a guilty plea agreement. His decision to plead guilty appears to be a voluntary, knowing and intelligent one, and the factual basis for the plea is more than ample. The Court should accept his guilty plea.

Respectfully submitted,

DAVID METCALF
United States Attorney

*/s/ Robert J. Livermore*
ROBERT J. LIVERMORE
Assistant United States Attorney

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Government's Change of Plea Memorandum has been served by electronic mail on the following defense counsel:

Luis A. Ortiz, Esquire

*/s/ Robert J. Livermore*
ROBERT J. LIVERMORE
Assistant United States Attorney

DATED: October 1, 2026