**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| **v.** | : | **CRIMINAL NO.** 26cr475 |
| **JAMIL AHMAD** | : | **Consent to Proceed Before U.S. Magistrate Judge** |

**GUILTY PLEA AGREEMENT TO MISDEMEANOR INFORMATION**

Pursuant to Federal Rule of Criminal Procedure 11, the government, the defendant, and the defendant's counsel enter into the following guilty plea agreement. Reference in this agreement to the United States or to the government shall mean the Office of the United States Attorney for the Eastern District of Pennsylvania.

1. The defendant hereby acknowledges that he may have a right to a trial before a District Judge, consents under Federal Rule of Criminal Procedure 58(b)(3)(A) and 18 U.S.C. § 3401 to be tried before a Magistrate Judge, and specifically waives any right he may have that trial, judgment, and sentencing be conducted and imposed by and before a District Judge of the United States District Court.

2. The defendant will enter a plea of guilty to the misdemeanor offense of illegal voting by an alien, in violation of 18 U.S.C. § 611, as charged by information in this case.

3. The defendant agrees to pay the $25 special assessment at the time of sentencing.

4. The defendant understands, agrees, and has had explained to him by counsel that the following statutory maximum sentence applies in this case: one year of imprisonment, one

year of supervised release, a $100,000 fine, and a $25 special assessment. The defendant, who was not a citizen of the United States at the time of the offense, understands that his guilty plea in this case can result in his being subject to immigration proceedings, and can result in him being removed from and possibly prevented from ever returning to the United States. The defendant has discussed with his attorney the immigration consequences of his guilty plea. The defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences of his plea.

5. The government reserves the right to make any sentencing recommendation it deems appropriate, set forth the facts of the defendant's offense, and correct any representations made by or on behalf of the defendant that are false or misleading.

6. The parties enter into the following stipulations, understanding that these stipulations are not binding upon either the Probation Office or the Court. The Court may make factual determinations that differ from these stipulations and that may result in an increase or decrease in the sentence that may be imposed:

a. The parties agree that the base offense level is 6, pursuant to USSG § 2H2.1(a)(3).

b. The parties agree and stipulate that, as of the date of this agreement, the defendant has demonstrated acceptance of responsibility for his offense, making the defendant eligible for a 2-level downward adjustment under USSG § 3E1.1(a).

7. In exchange for the promises made by the government in entering this plea agreement, the defendant voluntarily and expressly waives all rights to file any appeal, any collateral attack, or any other writ or motion that challenges the defendant's conviction, sentence,

or any other matter relating to this prosecution, whether such an appeal, collateral attack, or other writ or motion arises under 18 U.S.C. § 3742, 28 U.S.C. § 1291, 28 U.S.C. § 2255, or any other provision of law. As part of this knowing and voluntary waiver of the right to challenge the conviction and sentence, the defendant expressly waives the right to raise on appeal or on collateral review any argument that (1) the statute to which the defendant is pleading guilty is unconstitutional and (2) the admitted conduct does not fall within the scope of the statute.

a. Notwithstanding the waiver provision above, if the government appeals from the sentence, then the defendant may file a direct appeal of his sentence.

b. If the government does not appeal, then notwithstanding the waiver provision set forth in this paragraph, the defendant may file a direct appeal or petition for collateral relief but may raise only a claim, if otherwise permitted by law in such a proceeding:

i. that the defendant's sentence on any count of conviction exceeds the statutory maximum for that count as set forth in paragraph 4 above;

ii. challenging a decision by the sentencing judge to impose an "upward variance" above the final Sentencing Guideline range determined by the Court; and

iii. that an attorney who represented the defendant during the course of this criminal case provided constitutionally ineffective assistance of counsel.

If the defendant does appeal or seek collateral relief pursuant to this subparagraph, no issue may be presented by the defendant in such a proceeding other than those described in this subparagraph.

8. The defendant acknowledges that filing an appeal or any collateral attack waived in the preceding paragraph may constitute a breach of this plea agreement. The government promises that it will not declare a breach of the plea agreement on this basis based on the mere filing of a notice of appeal, but may do so only after the defendant or his counsel thereafter states, either orally or in writing, a determination to proceed with an appeal or collateral attack raising an issue the government deems barred by the waiver. The parties acknowledge that the filing and pursuit of an appeal constitutes a breach only if a court determines that the appeal does not present an issue that a judge may reasonably conclude is permitted by an exception to the waiver stated in the preceding paragraph or constitutes a "miscarriage of justice" as that term is defined in applicable law.

9. The government and the defendant understand and agree that:

a. No one has promised or guaranteed the defendant what sentence the Court will impose, and the Court can and may impose any sentence authorized by law, including the maximum sentence provided by law.

b. The defendant may not withdraw the defendant's guilty plea solely because of the sentence imposed by the Court.

10. The defendant waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may

be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act, 5 U.S.C. § 552a.

11. The defendant is satisfied with the legal representation provided by the defendant's lawyer; the defendant and this lawyer have fully discussed this plea agreement; and the defendant is agreeing to plead guilty because the defendant admits that he is guilty.

12. The parties have also entered a supplemental agreement that is filed under seal. It is agreed that the parties' guilty plea agreement, along with the sealed supplement, presents the entire agreement of the parties with regard to the defendant's guilty plea and sentence. The parties agree that neither has made any additional promise, agreement, or understanding other than those set forth in this written guilty plea agreement and the sealed supplement, and that no additional promises, agreements, or understandings will be entered into unless in writing and signed by all parties..

DAVID METCALF
United States Attorney

[signature]
JAMIL AHMAD
Defendant

*/s/ Michelle L. Morgan* for
SALVATORE L. ASTOLFI
Chief, Criminal Division
Assistant United States Attorney

[signature]
LUIS A. ORTIZ
Counsel for Defendant

[signature]
ROBERT J. LIVERMORE
Assistant United States Attorney

Date: 10/14/26